UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Lawrence Hilton     Douglas Gravelle
     Alan Sweetbaum (By Telephone)

**Proceedings:**   PLAINTIFF'S PETITION TO COMPEL ARBITRATION (Dkt. 1, filed March 25, 2016)

## I.   INTRODUCTION

On March 25, 2016, plaintiff-seller Conexant Systems, Inc. ("Conexant" or "plaintiff-seller") filed the instant petition to compel arbitration and complaint for declaratory relief against defendant-buyer Zykronix, Inc. ("Zykronix" or "defendant-buyer"). Dkt. 1. Conexant's petition and complaint alleges that by filing an action against Conexant in Colorado State Court, Zykronix failed to adhere to an arbitration agreement to which the parties purportedly agreed. Pl.'s Pet. Compel Arbitration & Compl. Declaratory Relief ("Pl.'s Pet."), at ¶ 2.

On April 12, 2016, plaintiff-seller Conexant filed a memorandum of law in support of its petition to compel arbitration. Dkt. 11 ("Memo"). On June 1, 2016, defendant-buyer Zykronix filed an opposition to plaintiff's petition to compel arbitration. Dkt. 23 ("Opp'n"). On June 27, 2016, plaintiff filed a reply. Dkt. 30 ("Reply"). On July 11, 2016, the Court held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff-seller Conexant is a manufacturer and distributor of computer chips and processors, and defendant-buyer Zykronix designs and manufactures electronic equipment for re-sale. Pl.'s Pet. at ¶ 7. On March 26, 2013, defendant-buyer Zykronix e-mailed Conexant a Purchase Order for "CODEC Chips." Id. at ¶¶ 8-9. On April 9, 2013, Conexant responded to the Purchase Orderby sending an email from the address

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

SAPbatch@conexant.com—an email account with which Zykronix was purportedly unfamiliar—with the subject line, "Conexant Sales Order 0000208498." Declaration of Wilfried Streicher ("Streicher Decl."), at ¶ 2. Attached to the email as separatement documents were (1) an Order Acknowledgment and (2) the seller's standard terms and conditions ("Terms and Conditions"). Id. at ¶ 11; Ex. D.

The Order Acknowledgment defines Conexant as the "Seller" and Zykronix as the "Buyer," and further provides as follows:

> We are pleased to ACKNOWLEDGE receipt of the order(s) listed above. *Seller's acceptance of Buyer's order is expressly made conditional on Buyer's assent to* the above information and *Seller's standard terms and conditions on the reverse side hereof*.

Pl.'s Pet. at ¶ 10 (emphasis added).

The seller's Terms and Conditions contain the following dispute resolution provision:

> **DISPUTE RESOLUTION:** If any claim or controversy arises . . . the controversy shall be determined by binding arbitration conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") before a single arbitrator and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. . . . A single arbitrator shall be selected by the parties in accordance with the AAA selection rules. The arbitration shall be held in Orange County, California, U.S.A.

Id. (emphasis in original).

Conexant alleges that despite receiving the aforementioned email, Zykronix never "objected to, or indicated any disagreement with, the provisions of the Order Acknowledgment, including the Terms and Conditions." Id. at ¶ 11. Consequently, Conexant shipped the CODEC Chips, and Zykronix later accepted delivery. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

Over two years later, on December 18, 2015, Zykronix filed an action against Conexant in Colorado state court ("the Colorado Action") seeking $5,655,000 in damages and asserting breach of contract and breach of warranty claims arising out of its purchase of allegedly defective CODEC Chips. Id. at ¶ 6. Conexant removed the Colorado Action to the United States District Court for the District of Colorado, where it is pending as Case No. 1:16-cv-00163. The district court in the Colorado Action has granted Conexant's motion to stay that case pending resolution of the instant petition to compel arbitration.

In addition to its petition to compel arbitration pursuant to 9 U.S.C. § 4, Conexant also seeks from the Court the following declaration, pursuant to 28 U.S.C. § 2201:

> (a) That all claims brought by Zykronix in the Colorado Action are subject to arbitration before a single arbitrator to be selected by the parties in accordance with the AAA selection rules, with the arbitration to be conducted in Orange County, California under the AAA Commercial Arbitration Rules; and
>
> (b) That Zykronix is prohibited from further prosecuting the Colorado Action, or any action in any forum related to the Chip Dispute, other than through the AAA arbitration to be conducted in Orange County, California.

Pl.'s Pet. at ¶¶ 18-20.

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011).

## IV.    DISCUSSION

In the instant case, plaintiff-seller Conexant petitions this Court to compel arbitration of the commercial dispute that is the subject of the Colorado Action. Dkt. 1. For reasons explained in the discussion that follows, the Court concludes that Conexant's petition must be denied because the operative contract that formed between the parties and gave rise to the Colorado Action does not contain an agreement to arbitrate.

### A.    Whether the Parties Agreed to Arbitrate the Instant Dispute

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi, 473 U.S. at 626. Plaintiff-seller Conexant contends that Zykronix is party "to a written agreement providing for arbitration of the Chip Dispute," as evidenced by the Terms and Conditions included as an attachment to the email that defendant-buyer received following its submission of a purchase order. Pl.'s Pet. at ¶ 14. Relying primarily upon California Uniform Commercial Code (U.C.C.) Section 2207, defendant-buyer Zykronix argues that Conexant's Terms and Conditions (and the arbitration provision contained therein) did not become part of the operative contract governing the purchase. Opp'n at 7-8.

As the parties appear to agree, section 2207 of the California Commercial Code "controls contract interpretation [where, as here,] the parties have exchanged conflicting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

forms."[1] Textile Unlimited, Inc. v. A..BMH & Co., 240 F.3d 781, 787 (9th Cir. 2001). Under section 2207(1), "an acceptance [by plaintiff-seller Conexant] will operate to create a contract even if additional or different terms are stated *unless the acceptance is*

---

[1] California Commercial Code section 2207 reads, in full, as follows:

(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:

   (a) The offer expressly limits acceptance to the terms of the offer;

   (b) They materially alter it; or

   (c) Notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this code.

Cal. Com. Code § 2207.

Case 8:16-cv-00560-CAS-AGR   Document 31   Filed 07/11/16   Page 6 of 11   Page ID #:187

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

*expressly conditioned on assent to the new terms*."[2] Id. Here, Conexant's Order Acknowledgment provides that "Seller's acceptance of Buyer's order is expressly made conditional on Buyer's assent to . . . Seller's standard terms and conditions on the reverse side hereof." Pl.'s Pet. at ¶ 10. Accordingly, because Conexant's "acceptance is expressly conditioned on the offeror's assent to the new terms, [Conexant's] acceptance *operates as a counteroffer* [to Zykronix]. If the counteroffer is accepted, a contract exists and the additional terms become part of the contract." Textile Unlimited, 240 F.3d at 787 (emphasis added) (citing Diamond Fruit Growers, Inc. v. Krack Corp., 794 F.2d 1440, 1443 (9th Cir. 1986)).

Crucially, however, in order "[t]o qualify as an acceptance under § 2207(1), an [initial] offeror [like defendant-buyer Zykronix] **must 'give specific and unequivocal assent' to the supplemental terms**." Id. at 787 (citing Diamond Fruit Growers, 794 F.2d at 1445) (emphasis added). Here, Zykronix did not give "specific and unequivocal assent" to the Terms and Conditions included on the reverse side of the Order Acknowledgment. Nonetheless, Conexant avers that "Zykronix never objected to or disputed in any way the condition that acceptance was subject to Conexant's terms and conditions, which include the arbitration provision." Memo at 5. In Conexant's view, Zykronix's "acceptance of the shipments of Conexant's chips without objection to the terms and conditions created a binding agreement, which included the standard terms and conditions." Id.

Conexant's argument fails. Again, as the Ninth Circuit made clear in Diamond Fruit Growers, an initial offeror like Zykronix must give a "specific and unequivocal expression of assent . . . when[, as here,] the offeree conditions its acceptance on assent to additional or different terms." 794 F.2d at 1445. Despite Conexant's contention to the contrary, Zykronix's payment for and acceptance of the goods, without express objection to the additional terms in Conexant's Order Acknowledgment or Terms and Conditions, does not constitute a "specific and unequivocal expression of assent"; thus, no contract that included the arbitration clause was formed pursuant to section 2207(1). Indeed, "[p]art of the Diamond Fruit Growers' rationale was to avoid a rule which would allow

---

[2] However, where acceptance is *not* expressly conditioned on assent to new terms, "a contract is created under § 2207(1), [and] § 2207(2) defines the terms of the contract." Textile Unlimited, 240 F.3d at 787 (citing Steiner v. Mobil Oil Corp., 20 Cal.3d 90, 101, 141 (1977) ("To determine the terms of [a contract formed under § 2207(1) ], we turn to section 2207, subdivision (2).")).

Case 8:16-cv-00560-CAS-AGR   Document 31   Filed 07/11/16   Page 7 of 11   Page ID #:188

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

one party to obtain 'all of its terms simply because it fired the last shot in the exchange of forms.'" Textile Unlimited, 240 F.3d at 788 (citing Diamond Fruit Growers, 794 F.2d at 1444).

Although it is not cited by either party, the Ninth Circuit's decision in Textile Unlimited squarely controls this case. In Textile Unlimited, a buyer of yarn sent a purchase order to a broker in California containing the date, item number, item description, quantity ordered, and price. Id. at 783. The seller responded with an invoice, followed by shipment of the yarn and an order acknowledgment. Id. Both the invoice and the order acknowledgment "contained a twist: additional terms tucked into the back of the invoice and the face of the acknowledgment, terms that had not adorned [the buyer's initial] purchase order." Id. Specifically, the seller's documents contained language mirroring that of Conexant's Order Acknowledgment:

> All sales of yarn by [Seller] are governed by the terms and conditions below. ***Seller's willingness to sell yarn to you is conditioned on your acceptance of these Terms of Sale***. If you do not accept these terms, you must notify Seller in writing within 24 hours of receiving Seller's Order Confirmation. If you accept delivery of Seller's yarn, you will be deemed to have accepted these Terms of Sale in full. You expressly agree that these Terms of Sale supersede any different terms and conditions contained in your purchase order or in any other agreement.

Id. (emphasis added).

As in the instant case, an arbitration clause was among the additional "Terms of Sale" in Textile Unlimited. Id. Accordingly, the seller in that case argued that "a contract including the arbitration clause was formed pursuant to § 2207(1) because the fine print provided that [the buyer] was 'deemed to have accepted these terms in full' if [it] did not respond in 24 hours." Id. at 787-88. The Ninth Circuit rejected this contention as "foreclosed by Diamond Fruit Growers, because [the buyer] did not 'give specific and unequivocal assent' to the supplemental conditions," including the arbitration provision. Id. at 788. Thus, "a contract containing the new terms that [the seller] attempted to pin on [the buyer] was not formed under § 2207(1)." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

This does not mean, however, that *no* contract was formed between the parties. As the court in Textile Unlimited explained, "even when the parties' written expressions do not establish a binding agreement under § 2207(1), a contract may [nonetheless] arise based upon their subsequent conduct pursuant to § 2207(3)." Id. ("Because no contract was formed under § 2207(1), our interpretation of the agreement must be guided by § 2207(3) which examines the conduct of the parties to determine whether a contract for sale has been established and the terms thereof."). Indeed, the official commentary to section 2-207(3) of the Uniform Commercial Code addresses the precise situation here: "In many cases, as where goods are shipped, accepted and paid for before any dispute arises, there is no question whether a contract has been made. . . . The only question is what terms are included in the contract, and subsection (3) furnishes the governing rule." See U.C.C. § 2-207, cmt. 7 (1966); see also Transwestern Pipeline Co. v. Monsanto Co., 46 Cal. App. 4th 502, 513 n.1 (1996) (noting that California adopted Uniform Commercial Code § 2-207 without change).

Specifically, the terms of an agreement formed pursuant to section 2207(3) "are those terms upon which the parties expressly agreed, coupled with the standard 'gap-filler' provisions of Article Two." Textile Unlimited, 240 F.3d at 788. Of significant relevance here is the fact that the U.C.C. does not contain a "gap-filler" provision providing for arbitration. Id. (citations omitted). Thus, under section 2207(3), "the disputed additional items on which the parties do not agree simply 'drop out' and are trimmed from the contract." Id. (citing Diamond Fruit Growers, 794 F.2d at 1445). Accordingly, the disputed supplemental arbitration provision proposed by plaintiff-seller Conexant in its Terms and Conditions is not a part of the contract formed between the parties. Stated differently, "the supplemental terms proposed by [Conexant], including the arbitration clause, do not festoon the contract between the parties." Id. at 788; see also Hebberd-Kulow Enters., Inc. v. Kelomar, Inc., 218 Cal. App. 4th 272, 279 (2013) ("The prevailing rule is that an invoice, standing alone, is not a contract, and a buyer is ordinarily not bound by statements thereon which are not a part of the original agreement.") (citation omitted).

Conexant resists this conclusion on at least two grounds, neither of which is availing.

First, Conexant argues that "[w]here a party has constructive notice of an arbitration provision, the fact that he does not read the agreement is no defense to his obligation to arbitrate." Reply at 1. This argument fails because "modern commercial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

transactions conducted under the U.C.C. are not a game of tag or musical chairs," Textile Unlimited, 240 F.3d at 788; finding constructive notice based upon the facts here would effectively allow Conexant "to impose its terms and conditions on [Zykronix] simply because it fired the last shot in the battle of forms," Transwestern Pipeline, 46 Cal. App. 4th at 515. Again, this is not the governing rule; " '[i]nstead, all of the terms on which the parties' forms do not agree drop out, and the Uniform Commercial Code supplies the missing terms.' " Id. (citing Diamond Fruit Growers, 794 F.2d at 1444). Where, as here, "the offeree [has] condition[ed] its acceptance on assent to additional or different terms," Zykronix's purportedly unknowing receipt of an email containing the Order Acknowledgment and (fine-print) Terms and Conditions does not constitute "a specific and unequivocal expression of assent on the part of the offeror."[3] Diamond Fruit Growers, 794 F.2d at 1445.

Second, Conexant contends (for the first time in its reply) that the arbitration provision here should be incorporated into the parties' agreement as a "supplementary term" pursuant to section 2207(3). For contracts governed by section 2207(3), "the terms of the particular contract consist of those terms on which the writings of the parties agree, *together with any supplementary terms incorporated under any other provisions of this code*." Cal. Com. Code § 2207(3) (emphasis added). As stated *supra*, the California Uniform Commercial Code does not contain a default "supplementary term" providing for arbitration. See Textile Unlimited, 240 F.3d at 788 (citing C. Itoh & Co. (America) Inc. v. Jordan Int'l Co., 552 F.2d 1228, 1236-37 (7th Cir. 1977); Dresser Indus., Inc., Waukesha Engine Div. v. Gradall Co., 965 F.2d 1442, 1450-52 (7th Cir. 1992) (discussing gap-filler provisions and supplementary terms under § 2–207(3))).

Nonetheless, Conexant argues that the arbitration provision here should be incorporated into the parties' sales agreement as a "supplementary term" pursuant to

---

[3] In support of its argument regarding "constructive notice" and arbitration provisions, Conexant selectively cites language in numerous cases. See, e.g., N.A.M.E.S. v. Singer, 90 Cal. App. 3d 653, 656 (1979); Dang v. Samsung Electronics Co., Ltd., 2015 WL 4735520, at *6 (N.D. Cal. Aug. 10, 2015) (Koh, J.); Specht v. Netscape Commc'ns Corp., 306 F.3d 17, 31 (2d Cir. 2002); Murphy v. DIRECTV, Inc., 2011 WL 3319574, at *2 (C.D. Cal. Aug. 2, 2011) (Nguyen, J.). These cases are inapposite here, as none involve the question of whether the parties agreed to an arbitration provision *pursuant to California Uniform Commercial Code section 2207*, which—both the Court and the parties seem to agree—governs the instant dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

section 2207(3) because Zykronix and Conexant were parties to two prior (non-sales) agreements "that included nearly identical arbitration provisions."[4] See Reply at 6-7 (citing Suppl. Siewko Decl. at ¶ 4; Ex. A, B). It is true that "the 'supplementary terms' referred to in section 2207, subdivision (3) may include terms incorporated as a result of the parties' course of dealing." Transwestern Pipeline, 46 Cal. App. 4th at 516. A "course of dealing" is "a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct." Id. (citation and quotation marks omitted). In Conexant's view, the inclusion of arbitration provisions in two prior non-sales agreements between Conexant and Zykronix—a March 21, 2003 Standard Non-Disclosure Agreement and a March 27, 2012 Standard Mutual Non-Disclosure Agreement—justifies incorporation of the arbitration provision at issue here into the 2013 sales agreement between the parties. See Siewko Decl. at ¶ 4; Ex. A, B. The Court disagrees. Simply put, the parties' two prior *non-disclosure* agreements do not constitute "a sequence of previous conduct between the parties" which may "fairly . . . be regarded as establishing a common basis of understanding" regarding the arbitrability of the instant dispute over a 2013 *sales* agreement. Transwestern Pipeline, 46 Cal. App. 4th at 516.

Accordingly, the Court cannot conclude that, pursuant to California Uniform Commercial Code section 2207, the parties agreed to be governed by the additional terms in Conexant's Order Acknowledgment and Terms and Conditions. Therefore, the parties have not agreed to arbitrate the subject of the Colorado Action, and plaintiff's petition to compel arbitration must be denied on these grounds.

---

[4] Conexant again emphasized this point at oral argument on the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 8:16-CV-00560-CAS(AGRx) | Date | July 11, 2016 |
| Title | CONEXANT SYSTEMS, INC. V. ZYKRONIX, INC. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff Conexant's petition to compel arbitration, and further **DISMISSES** plaintiff's complaint *sua sponte*, including plaintiff's claim for declaratory relief.[5]

IT IS SO ORDERED.

|  | 00 : 08 |
|---|---|
| Initials of Preparer | CMJ |

---

[5] "A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citation omitted). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." Id. As stated *supra*, plaintiff's petition to compel arbitration also asserts a claim for declaratory relief that rises or falls with plaintiff's petition to compel arbitration. While defendant Zykronix does not expressly move for dismissal of this action, "[b]ecause the court's ruling on the petition to compel arbitration resolves all the issues raised in the declaratory relief claim, the court dismisses [the declaratory relief] claim" and further dismisses the entirety of plaintiff's complaint *sua sponte*. Samson v. Nama Holdings, LLC, 2009 WL 9150841, at *18 n.93 (C.D. Cal. May 20, 2009) (Morrow, J.) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1100 (2d Cir. 1993) ("Where a district court has before it a declaratory judgment action and a direct action containing all of the issues in the declaratory judgment action, and decides the common issues in the direct action, it may exercise its discretion to dismiss the declaratory judgment complaint." (citations omitted))).